Submitted on briefs November 13, affirmed December 4, 1923, rehearing denied January 8, 1924.

## FLORENCE W. HARTZELL AND W. J. HARTZELL, HER HUSBAND, *v.* H. C. HANSEN, F. L. WIDELL AND MEDFORD PLANING MILL, A CORPORATION.

(220 Pac. 415.)

**Vendor and Purchaser—Duty Held to Devolve on Purchasers Under Contract to Pay City Liens.**

In view of evidence that city liens, which were not then due, were discussed at time of making land sale contract, and it was understood that purchasers were responsible for them, and purchasers paid the interest thereon as it became due, contract providing that purchasers should pay all taxes from January, preceding date of contract, and that, should purchasers fail so to pay taxes or any other lien or charges, then grantors could protect their interests, was sufficient to devolve on purchasers the duty of assuming and paying the liens.

From Jackson: F. M. CALKINS, Judge.

In Banc.

This is a suit to reform a contract for the sale of land, and to foreclose the contract as a mortgage. Respondents sold to appellants a certain tract of land in the City of Medford. Two contracts were prepared. The first contract was dated March 25, 1920, signed by W. J. Hartzell and H. C. Hansen, and the second contract was dated August 24, 1920, and is set forth as Exhibit "A" of the complaint. It is the second contract that is sought to be reformed and foreclosed.

When the time for the payment of the balance due arrived an examination of the abstract disclosed that there was in the neighborhood of $1,200 in city assessment lien against the property, which had been placed against the property in 1918, and that

these assessment liens were in the form of an agreement signed by the respondents, agreeing to pay the interest on the liens for a period of three years, after which they were to pay the principal in the form of ten equal payments. Appellants refused to pay the balance due on the contract unless these assessment liens were paid.

Exhibit "A" is as follows:

"This contract and agreement, made and entered into by and between Florence Hartzell and W. J. Hartzell, her husband, parties of the first part, and H. C. Hansen and F. L. Widell and Medford Planing Mill, a corporation, parties of the second part, Witnesseth:

"Whereas, the parties of the first part did, on March 25, 1920, enter into a contract and agreement, which did expire ninety days from the date thereof, and which was later, on June 26, 1920, extended by indorsement on the back thereof, for a period of thirty days; and

"Whereas, both said original contract and extension thereof are now due, and the parties deem it advisable to execute new and original papers rather than make a further extension, so that the present condition of the contract and agreement shall fully appear upon said new instrument.

"Now, therefore, the parties have entered into this agreement, in terms as follows:

"The first parties have sold, and the second parties have purchased the following described property, situated in the city of Medford, Oregon, to wit:

"Lots One (1), Two (2) and Twelve (12) in Block 33, of the original town (now city) of Medford, Oregon, according to the official plat thereof, now of record in the office of the county recorder for said county;

"Also the following described personal property used in connection with the old operation of the Medford Sash & Door Factory, as follows:

"Post sander; 48″ Columbia sanders; 9″ moulder; pony planer; jointer; 2 cut-off saws; rip saw; emery stand; tenoner; shaper; combination saw; band saw; safe; sash sticker; lathe; frame making machine; 3 motors; fan blowing system; 20 horse transformers, together with the equipment now used and constituting the plant of the Medford Planing Mill.

"The purchase price is nine thousand dollars ($9,000.00) of which amount five thousand dollars ($5,000.00) has been paid, and the receipt of the same is hereby acknowledged, the balance of four thousand dollars ($4,000.00) is represented by a promissory note, dated August 24, 1920, but providing that the interest on such original amount shall be six per cent from March 25, 1920, and be due one year from March 25, 1920.

"It is understood and agreed, that upon the payment of the full amount of such balance, the first parties agree to and will execute and deliver to the purchasers a good and sufficient deed to all of said property, both real and personal.

"The second parties agree to keep all taxes paid upon said property from and after March 25, 1920, and to keep the property insured, loss payable, if any, to the parties of the first part, in a sum not less than five thousand dollars ($5,000.00), and to deposit with the first parties, to be kept with the contract, the original policy of insurance.

"Should the second parties fail to pay taxes when due, or keep the property insured as agreed, or pay any other lien or charges against the said premises, or personal property, then the parties of the first part, in order to protect their interest therein, are hereby and hereunder given the right to pay any of the said matters, or to insure said property, and the amount so paid shall draw interest at the rate of six per cent per annum, payable semi-annually, and be a lien against said property, both real and personal, chargeable against the same, and collected the same as the principal, and in conjunction therewith.

"Dated: Medford, Oregon, August 24, 1920.
"Done in the presence of:
    "RAY E. WRIGHT.
    "GUY W. CONNOR.
         "FLORENCE    HARTZELL,    (Seal)
         "W. J. HARTZELL,            (Seal)
           "Parties of the first part.
         "H. C. HANSEN,              (Seal)
         "F. L. WIDELL,              (Seal)
         "MEDFORD PLANING MILL,
         "By H. C. HANSEN,           (Seal)
                "President,
        "Parties of the second part."

In a previous suit to foreclose this contract the court had held that the last clause of this agreement was insufficient to include city liens and thereupon this suit was brought, setting up the contract and asking that it be reformed to conform with the actual contract between the parties; alleging that failure to include the city liens was by accident and the mistake of the scrivener, and that it was mutually agreed by the parties that the purchasers were to pay these city liens, and the disagreement of the parties on this is the cause of this suit.

            AFFIRMED.   REHEARING DENIED.

For appellants there was a brief over the name of *Messrs. Lindas & DeSouza.*

For respondents there was a brief over the name of *Mr. H. K. Hanna.*

McBRIDE, C. J.—While this clause in the contract, Exhibit "A," is somewhat equivocal and not so clear as it might have been made, we are of the opinion that it was sufficient to have devolved upon the purchasers the duty of assuming and paying these

city liens when they became due, as they were not due at the time that the contract was made. But, aside from that, and assuming that the contract is not clear upon that point, we are satisfied from the testimony that the question of these city liens was discussed between the parties at the time of the making of the original contract and that it was clearly understood that the purchasers were responsible for them; and the fact that the purchasers paid the interest on them as the interest became due, the principal not yet being due, is a strong indication of the intention of the parties in making the contract.

This being the case, it is unnecessary to discuss the evidence at large, which would be of interest only to the parties and of no value to the profession in general, and merely expensive addition to the printed report of the case.

The findings and conclusions of the court below were correct and the decree will therefore be affirmed.	AFFIRMED.	REHEARING	DENIED.